**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-40733
Summary Calendar

MARK DAVID SARFF,

Plaintiff-Appellant,

VERSUS

CONTINENTAL EXPRESS,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
CA-G-94-731
April 26, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judge.

PER CURIAM:[1]

Appellant sued his former employer under Title VII of the Civil Rights Act of 1964 claiming retaliation for complaints he made of sexual harassment directed against him and discrimination based upon his sex. The district court granted summary judgment for Defendant. Sarff appeals and we affirm.

On appeal Appellant contends only that he was discharged because he is male; he has abandoned his retaliation claim. He

---

[1] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

contends that the district court did not consider all of the evidence before granting summary judgment, that the district court erred in ruling that he failed to establish causal nexus which is required to state a prima facia case of sex discrimination and that he failed to establish that the employer's stated reason was pretextual. Our review of the record makes clear that none of these issues are meritorious. The district court correctly determined that, long before Appellant reported any sexual harassment, he had experienced a lengthy series of customer complaints and had been placed on warning by his employer that any single further violation of the employer's policies would result in termination. He does not deny that his conduct thereafter violated company policies. There is, therefore, no issue of fact as to the reason why he was terminated. Nor is there any showing that his termination was related to his sex as opposed to his poor job performance and violation of company policy.

Appellant admits that he must create an issue of fact that Continental treated similarly situated females more favorably than it treated him. His evidence simply has not done so. He has no evidence of disparate treatment. Women were disciplined when company policy was violated.

AFFIRMED.